# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No.: |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| TRICORE REFERENCE LABORATORIES, | ) ) ) | |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

## MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED

This case is before the Court on the application of the Equal Employment Opportunity Commission (the "EEOC" or "Commission") for an order to show cause why an administrative subpoena should not be enforced. The EEOC is currently investigating a charge of discrimination based on disability and sex (pregnancy) filed against Tricore Reference Laboratories ("TriCore" or "Respondent"), under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").  In the course of its investigation, the EEOC issued a subpoena, pursuant to its authority under 29 U.S.C. § 161 (incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9[1]), seeking documents relating to that investigation. TriCore to date has not produced the requested documents, and that failure has delayed and hampered the investigation of the charge. The EEOC therefore applies to this Court to issue an Order to Show

---

[1] The powers, remedies, and procedures set out in Sections 705,706, 707, 709 and 710 of Title VII are applicable to the Commission under the ADA as well. See, 42 U.S.C. §12117(a).

Cause why the subpoena should not be enforced.

## I.      FACTUAL BACKGROUND

On June 26, 2012, Charging Party Kellie Guadiana dual-filed a charge of discrimination with the New Mexico Department of Workforce Solutions and the EEOC alleging that her employer, TriCore, discriminated against her on the basis of disability and sex (pregnancy) in violation of the ADA and in violation of Title VII. (Exhibit A, Declaration of Derick Newton, Area Office Director ("Dir. Decl.") at ¶ 4(a) & Attachment 1 thereto). The EEOC sent notice of this charge to Respondent on or about July 3, 2012. (Dir. Decl. at ¶ 4(b) & Attachment 2). Charging Party, who was employed as a Clinical Laboratory Assistant I (phlebotomist) by TriCore in Albuquerque, New Mexico, alleged that TriCore discriminated against her based on disability and sex (pregnancy) when TriCore refused to reasonably accommodate her disabilities, refused to reassign her to a vacant position for which she was qualified, and then terminated her on May 5, 2012. (Dir. Decl. ¶ 4(a) and (c) & Attachment 1, 3.)

During its investigation of the Guadiana Charge, EEOC learned that Guadiana's physicians, including her OB/GYN, certified to TriCore that she could continue to work, but would require accommodations. (*See* Attachment 3, at 5.)  Specifically, due to her rheumatoid arthritis, she could not stand or walk for long periods of time, and she could not be exposed to infectious diseases, needed to sit for 75% of her shift, could not lift in excess of 20 pounds, and could not "enter contact or droplet precaution rooms" due to possible risk to her pregnancy. (*See id.* at 5-6.) In light of these restrictions, TriCore determined that Guadiana could not perform the essential functions of her current position and instructed her to apply and compete for vacant

positions within the company.[2] (*See id*. at 4-7.) Specifically, TriCore instructed its supervisor to "interview both Ms. Guadiana and other candidates for the two day shift positions, and select the most qualified candidate." (*Id*. at 4.) Furthermore, TriCore admitted that it did not assist Guadiana in finding a suitable reassignment position. (*See id*. at 7.) Taken together, these admissions suggested a company-wide policy and/or practice of refusing to provide reassignment as a reasonable accommodation to qualified employees with disabilities and instead forcing qualified employees with disabilities to compete with other employees for vacant positions they needed as reasonable accommodations. Such a policy and/or practice could have the effect of discriminating against employees of TriCore companywide on the basis of disability. Moreover, TriCore's refusal to extend Guadiana's temporary accommodations past thirty days and refusal to allow Guadiana more than thirty days of unpaid leave raises the question of whether it treated pregnant employees less favorably than similarly situated non-pregnant employees.

A.   **Issuance of the Subpoena.**

After learning that TriCore seemed to be utilizing a blanket policy of requiring employees who needed reassignment as a reasonable accommodation to compete for vacant positions, the Commission issued an expansion letter and a Request for Information on or about November 24-25, 2014. (*See* Dir. Decl. ¶ 4(e) and (f) & Expansion Letter, Attachment 5; Request for Information, Attachment 4.) The expansion letter informed TriCore that the Commission was expanding the scope of its investigation to cover all TriCore employees who

---

[2] TriCore initially allowed Guadiana to work within the restrictions provided by her doctor for thirty days. (*Id*.) at 6. TriCore later required Guadiana to take unpaid leave (roughly thirty days) in order to apply for other positions at TriCore, and now claims that permitting Guadiana to continue working within her restrictions in her previous position "would have placed an undue burden on the rest of the staff and would have jeopardized patient care." (Attachment 3, at 5-6.)

needed an accommodation because of a disability and/or because of pregnancy. (*See* Dir. Decl. ¶ 4(f) & Attachment 5.) Specifically, the Commission informed TriCore that the class allegations of failure to accommodate persons with disabilities (including pregnancy-related disabilities) were "like and related to the underlying charge, or are based on evidence uncovered during the EEOC's investigation of the underlying charge." (*Id.*) The Request for Information sought three categories of information: 1) any and all jobs that Guadiana applied for at TriCore after TriCore determined she was no longer qualified for her current position, along with the corresponding job descriptions; 2) a complete list of TriCore employees that requested an accommodation due to a disability from November 1, 2010 until present; and 3) a complete list of TriCore employees who were pregnant while employed, and what accommodations, if any, Tricore made for them, from November 1, 2010 until present. (*See* Attachment 4.)

On January 22, 2015, TriCore responded to the Commission's Request for Information by requesting an extension until February 6, 2015, and demanding that the Commission provide TriCore a copy of Sec. 22, ¶ 803 of the Compliance Manual, which was cited in the expansion letter. (*See* Dir. Decl. ¶ 4(g) and (h) & Attachments 6, 7.) But on February 6, 2015, TriCore sent the Commission a letter explaining that it had no intention of producing the information requested. (Dir. Decl. ¶ 4(i) & Attachment 8.) In response, on February 23, 2015, the EEOC issued another Request for Information, which requested the same substantive information as the earlier November, 2014 request but narrowed the temporal scope of the inquiry to all accommodation requests by employees with disabilities and/or pregnant employees from January 1, 2012 through present. (Dir. Decl. ¶ 4(j) & Attachment 9.) The very next day, TriCore reiterated its position that the Commission was not authorized to request the information in the

February 23, 2015 Request for Information and asked for the matter to be stayed pending the

Supreme Court's decision in *Young v. United Parcel Service*. (Dir. Decl. ¶ 4(k) & Attachment

10.) It asserted that the *Young* decision would impact the pending Request for Information, but

provided no analysis as to why. *Id*. The Commission responded, reiterating that the requested

information was due on March 13, 2015. (Dir. Decl. ¶ 4(l) & Attachment 11.) In a March 16,

2015 email, TriCore restated its intention not to produce the information requested in the

Commission's February 23, 2015 Request for Information and renewed its request for the matter

to be delayed until after the Court ruled in *Young*. (Dir. Decl. ¶ 4(m) & Attachment 12.) In

response, the Commission expressed doubts that the *Young* decision would directly impact the

investigation, but nonetheless invited TriCore to explain what impact it believed *Young* would

have. *Id*. However, TriCore never responded to the Commission's inquiry or to the February 23,

2015 Request for Information.

On April 15, 2015, several weeks after the *Young*[3] decision, the Commission for the third

time requested that TriCore provide responsive documents to the February 23, 2015 Request for

Information. (Dir. Decl. ¶ 4(n) & Attachment 13.) TriCore never responded.

On April 28, 2015, the Commission issued Subpoena No. PHX-15-32, which Respondent

received on April 30, 2015. (Dir. Decl. ¶ 4(o) & Attachment 14.) It required TriCore to produce:

    1) Documents or a list, preferably in electronic format such as Microsoft Excel,

---

[3] The Supreme Court's ruling in *Young* expanded the scope of Title VII's pregnancy
discrimination coverage by allowing plaintiffs to make a prima facie case by showing that the
employer did not accommodate a pregnant employee despite accommodating others "similar in
their ability or inability to work." *See Young v. United Parcel Serv., Inc.,* 135 S. Ct. 1338, 1354,
191 L. Ed. 2d 279 (2015). Respondent has not raised the issue as to whether *Young* justifies its
continued refusal to provide the information requested since the ruling and made no such
argument in its Petition to Revoke.

> containing biographical employment, and contact information, of all employees who requested an accommodation due to disability from January 1, 2012 through present.
>
> 2) Documents or a list, preferably in electronic format such as Microsoft Excel, containing biographical employment, and contact information, of all employees who were pregnant while employed and if any accommodation was requested, from January 1, 2012 through present.

(Attachment 14.)

On May 7, 2015, TriCore timely served a Petition to Revoke Subpoena No. PHX-15-32 in its entirety. (Attachment 15.) TriCore asserted two arguments in its Petition to Revoke. First, TriCore argued that the subpoena seeks information and documents irrelevant to the charge under investigation. (*Id*. at 4-7.) Specifically, TriCore argued that the subpoena "does not reference any other charge or charging party, additional charge number or anything else that might indicate that an additional charge is even at issue, much less evidence of class implications." (*Id*. at 6.) Accordingly, TriCore argued that the broad, companywide information sought in the subpoena is irrelevant to Guadiana's individual charge and amounts to a "fishing expedition or… an attempt to elicit other charges."  (*Id*. at 4.)

Second, TriCore objected to the subpoena as unduly burdensome. According to TriCore, responding to the subpoena would impose an undue financial and administrative burden because it would be required to manually review employee files and conduct interviews of managers. (*Id*. at 8.) Similarly, TriCore argues that sifting through every employee file who has requested a reasonable accommodation since January 1, 2012 would be unduly burdensome given that TriCore "operates approximately 20 satellite centers in New Mexico and Texas." (*Id*.)

The Commission considered Respondent's Petition to Revoke Subpoena and denied it on September 18, 2015, finding that Respondent failed to raise objections that would justify revoking the subpoena.  (Dir. Decl. ¶ 4(q), Attachment 16.)  The Commission also determined

that the information sought was relevant to the investigation of the charge, within the EEOC's

broad investigatory powers, and was not unduly burdensome.  *Id*.  The Commission's

Determination on TriCore's Petition to Revoke Subpoena was served on TriCore and TriCore

received the Determination on September 25, 2015. *Id*.

TriCore received the Commission's Determination with a response deadline of within

twenty (20) days of the date of the Determination (October 15, 2015).  (Attachment 16.)  To

date, the Respondent has not complied with the subpoena and has stated its intent to refuse to

provide responsive records to the Commission. (Dir. Decl. ¶ 4(r) & Attachment 17.)  Before

filing this action to enforce Subpoena PHX-15-32, counsel for the Commission invited TriCore

to engage in discussion toward informal resolution of this matter.

## II.      ARGUMENT

Title VII grants the EEOC broad investigatory powers, providing that the Commission

"shall... have access to... any evidence of any person being investigated or proceeded against that

relates to unlawful employment practices covered by this subchapter and is relevant to the charge

under investigation." 42 U.S.C. § 2000e-8(a). Because Respondent has no valid defense for

failing to comply with the EEOC's subpoena and has not shown any undue burden to comply,

the Commission's subpoena should be enforced.

### A.      Respondent Has No Valid Defense for Failing to Comply with the EEOC's Subpoenas.

EEOC subpoena-enforcement proceedings are summary in nature and involve only

limited judicial review. *EEOC v. Randstad,* 685 F.3d 433, 442 (4th Cir. 2012); *EEOC v. Konica*

*Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 368 (7th Cir. 2011); *EEOC v. United Air*

*Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002); *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922

(11th Cir. 1991); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986); *see also EEOC v. Shell Oil Co.*, 466 U.S. 54, 81 (1984); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002) (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial"). To successfully petition a court to enforce an administrative subpoena, the Commission needs only to show that: 1) the subpoena is within the agency's authority; 2) the demand is not too indefinite; and 3) the information sought is relevant to the investigation. *Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984); *EEOC v. Dillon Companies, Inc.*, 310 F.3d 1271, 1274 (10th Cir. 2002); *Randstad*, 685 F.3d at 442; *EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 746 (8th Cir. 2011); *Konica Minolta*, 639 F.3d at 368; *United Air Lines*, 287 F.3d at 649; *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc).  Once this showing has been made, a court will enforce the subpoena unless the respondent can prove that the subpoena is unduly burdensome. *EEOC v. Citicorp Diners Club*, 985 F.2d 1036, 1040 (10th Cir. 1993); *EEOC v. Fed. Exp. Corp.*, 558 F.3d 842, 848 (9th Cir. 2009); *Children's Hosp. Med. Ctr.,* 719 F.2d at 1428; *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995); *Md. Cup Corp.*, 785 F.2d at 475-76; *EEOC v. C & P Tel. Co.*, 813 F. Supp. 874, 875 (D.D.C. 1993).  The EEOC subpoena easily meets these criteria, and Respondent cannot show that the subpoena is unduly burdensome.

### 1.     The Subpoena Is Valid and Within the Agency's Authority.

Congress authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging that the ADA or Title VII have been violated. Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b). See also, 42 U.S.C. § 12117 (noting applicability of Section 706 of

Title VII to the ADA).  Congress has conferred on the Commission broad powers of access to

records of those entities against whom charges have been filed, 42 U.S.C. § 2000e-8(a),

including the authority to subpoena evidence in an investigation, 29 U.S.C. § 161 (incorporated

into Title VII by 42 U.S.C. § 2000e-9).  In this case, the EEOC is investigating allegations that

Respondent subjected the Charging Party and a group of other aggrieved individuals to unlawful

discrimination based on disability in violation of the ADA and sex (pregnancy) in violation of

Title VII.  The EEOC seeks documents necessary to identify and locate potential witnesses

and/or victims of Respondent's alleged unlawful employment practices.

### 2.      All Procedural Prerequisites Have Been Fulfilled.

In this case, a valid charge has been filed and the subpoena contains all the information

required by the EEOC's regulations. *See* 29 C.F.R. § 1601.16(a) (elements of subpoena). *See*

*also EEOC v. Shell Oil Co.*, 466 U.S. 54, 67-74 (1984) (addressing requirements of valid

charge); 29 C.F.R. § 1601.12 (same). Respondent cannot allege that these basic requirements

have not been met.

### 3.      The Information Sought Is Relevant to The Commission's Investigation.

Finally, the information sought by the subpoena is relevant to the issues of discrimination

on the basis of disability and sex (pregnancy). The concept of relevancy during an EEOC

investigation is broader than relevancy during litigation. Title VII grants the EEOC broad access

to "any evidence of any person being investigated or proceeded against that relates to unlawful

employment practices covered by this subchapter and is relevant to the charge under

investigation." 42 U.S.C. § 2000e-8(a) (incorporated by 42 U.S.C. § 12117(a)). "[C]ourts have

generously construed the term 'relevant' and have afforded the Commission access to virtually

any material that might cast light on the allegations against the employer." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984). *EEOC v. Fed. Exp. Corp.*, 558 F.3d 842, 854 (9th Cir. 2009); *EEOC v. Randstad*, 685 F.3d 433, 448 (4th Cir. 2012); *EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 747 (8th Cir. 2011). The Commission does not need to present a "specific reason for disclosure" of the requested information, *Univ. of Pa. v. EEOC*, 493 U.S. 182, 194 (1990).

Furthermore, once the EEOC begins an investigation, it is not required to ignore facts that support additional claims of discrimination if it uncovers such evidence during the course of a reasonable investigation of the charge. *See, e.g., Gen. Tel. Co. of the N.W., Inc. v. EEOC,* 446 U.S. 318, 331, (1980) ("Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable."); *EEOC v. Cambridge Tile Mfg. Co.,* 590 F.2d 205, 206 (6th Cir.1979) (per curiam) (enforcing EEOC subpoena seeking information related to sex discrimination in job classification after EEOC uncovered evidence of such discrimination during investigation of allegations of sex and race discrimination in termination). Rather, the EEOC has the power to investigate "a broader picture of discrimination which unfolds in the course of a reasonable investigation of a specific charge." *Cambridge Tile,* 590 F.2d at 206; *See E.E.O.C. v. Burlington N. Santa Fe R.R.*, 669 F.3d 1154, 1159 (10th Cir. 2012) (holding that the EEOC is within its authority to expand its search if evidence of broader discrimination is uncovered) and *EEOC v. McLane Co. Inc.*, __F.3d___ (9th Cir. Oct. 31, 2015) (relevance standard at investigative stage sweeps broadly and EEOC is permitted access to information about other employees who were subjected to alleged discriminatory strength test). The Commission does not need to present a "specific reason for disclosure" of the requested information, *Univ. of Pa. v. EEOC*, 493 U.S. 182, 194 (1990), and courts generally will defer to

the agency's appraisal of what is relevant "so long as it is not obviously wrong." *EEOC v. Randstad*, 685 F.3d 433, 448 (4th Cir. 2012) (internal citations omitted).

Here, it is undeniable that the requested information "might cast light on the allegations against the employer."  The Charging Party alleges that Respondent denied her reasonable accommodation under the ADA and discriminated against her by denying her reassignment to a vacant position and terminating her because of her disability and sex (pregnancy). TriCore's responses to the Guadiana Charge suggest to the Commission that Respondent may have a companywide policy and/or practice of refusing to provide reassignment as a reasonable accommodation to qualified individuals with disabilities and instead forcing qualified individuals with disabilities to compete with others for vacant positions that are sought as reasonable accommodations. Such a policy or practice could have the effect of discriminating against TriCore employees companywide on the basis of disability. In addition, TriCore's refusal to extend temporary accommodations past thirty days and refusal to allow Guadiana more than thirty days of unpaid leave require EEOC to investigate whether TriCore treated pregnant employees less favorably than similarly situated non-pregnant individuals.

In request number 1, the EEOC seeks documents or lists in Excel format containing biographical employment and contact information for all employees who requested an accommodation due to disability from January 1, 2012 to present.  (See Dir. Decl. ¶ 4(o) and Attachment 14.) Request number 2 similarly seeks such documents or lists in Excel format for employees who were pregnant while employed and if any accommodation was requested, from January 1, 2012 to present. *Id*. These requests are tailored to elicit information about the identity and location of potential witnesses who may have information relevant to the Charge allegations

and/or potential victims of alleged unlawful employment practice. Thus, the information is relevant to the investigation and the subpoena should be enforced.

> **B.      Compliance With the Subpoena Does Not Impose an Undue Burden on the Respondent.**

An employer in Respondent's position "carries the difficult burden of showing that the subpoena demands are unduly burdensome or unreasonably broad." *FTC v. Shaffner*, 626 F.2d 32, 38 (7th Cir. 1980). Conclusory allegations of burdensomeness are insufficient. *Id*. The employer's difficult burden requires a showing that "compliance would threaten the normal operation of a respondent's business." *EEOC v. Bay Shipbuilding Corp*., 668 F. 2d 304, 313 (7th Cir.1981); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986) (Respondent bears burden to show that the cost of compliance with the subpoena is "unduly burdensome in the light of the company's normal operating costs."); *EEOC v. Quad/Graphics, Inc*., 63 F.3d 642, 645 (7th Cir. 1995) (compliance must threaten normal operation of respondent's business to be excessive). To date, Respondent has only made conclusory allegations about the alleged financial and administrative burden to manually review employee files and conduct interviews of managers. *See* Attachment 15 at 8. Thus, the subpoena should be enforced.

## III.      CONCLUSION

For the foregoing reasons, the Court should enforce the EEOC's subpoena. The subpoena seeks information relevant to a valid charge of discrimination that is within the EEOC's investigative authority. Further, Respondent cannot establish that complying with the subpoenas would be unduly burdensome. The Commission therefore urges the Court to issue the accompanying proposed Order to Show Cause, and, after giving Respondent an opportunity to be heard, enforce the subpoena.

-13-

RESPECTFULLY SUBMITTED this 30th day of November, 2015.

MARY JO O'NEILL
Regional Attorney

RITA BYRNES KITTLE
Supervisory Trial Attorney


*/s/ Loretta Medina*
LORETTA MEDINA
Senior Trial Attorney

Equal Employment Opportunity
Commission, Albuquerque Area Office
505 Marquette Avenue, NW
Suite 900 - 9th Floor
Albuquerque, NM 87102
(505) 248-5230
loretta.medina@eeoc.gov

Attorneys for Plaintiff